UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| IDC PROPERTIES, INC., )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>CHICAGO TITLE INSURANCE )<br>COMPANY, )<br>    Defendant. )<br>_____ ) | C.A. No. 09-632-JJM |

### ORDER

The Court need not remind the parties of the circuitous route this case has taken. Even after all of the decisions from trial and appellate courts at both the state and federal level, there are still unresolved issues rooted in an astounding disconnect between the parties' views of the breadth and depth of the Policy's coverage and how to determine what IDC's damages are. It has become clear to the Court that the parties must test their evidence and argument before a fact finder who is uniquely equipped to determine coverage under the Policy and the amount, if any, of damages IDC should recover. The question then is: will IDC's expert opinion be helpful to the fact finder in rendering its verdict such that the Court can find it admissible under Federal Rules of Evidence, Rule 702?

Peter M. Scotti, a real estate appraiser, prepared a report in support of IDC Properties Inc.'s pursuit of the proceeds of a title insurance policy (Policy) it purchased from Defendant Chicago Title Insurance Company. Mr. Scotti opines about the value of IDC's airspace units and provides a dollar value he believes IDC is

due. The Court previously excluded Mr. Scotti's report on two grounds, ruling that its valuation opinion was unreliable because it impermissibly assumed that the Declaration of Condominium document (Declaration) complied with the unanimous consent requirement of the Rhode Island Condominium Act to value any new construction on the North, South and West units and that the correct loss measurement date was December 1997.

The Court granted IDC leave to file a revised appraisal to reflect its rulings.[1] Mr. Scotti produced a revised appraisal to which Chicago Title again moves in limine on essentially the same grounds. ECF No. 128. Because the Court finds that Mr. Scotti's revised report cures the previously identified defects such that it is now the fact finder's turn to weigh the credibility and weight owed Mr. Scotti's opinion, the Court denies Chicago Title's motion.

1. Rule 702

A court's review of the admissibility of an expert witness' testimony is guided by Rule 702 of the Federal Rules of Evidence. Rule 702, which codified a line of United States Supreme Court cases including *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

---

[1] The Court granted this leave in the face of Chicago Title's motion, seeking summary judgment in its favor because it argued, without a damages expert, IDC's entire case should fail.

2

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
(b) the testimony is based on sufficient facts or data;
(c) the testimony is the product of reliable principles and methods; and
(d) the expert has reliably applied the principles and methods to the facts of the case.

See also *Daubert v. Merrill Dow Pharm., Inc.*, 509 U.S. 579 (1993). The court "serves as the gatekeeper for expert testimony by 'ensuring that [it] ... both rests on a reliable foundation and is relevant to the task at hand.'" *Milward v. Rust–Oleum Corp.*, 820 F.3d 469, 473 (1st Cir. 2016) (quoting *Daubert*, 509 U.S. at 597). The court's role is to evaluate the expert testimony's admissibility, as opposed to its weight. *See Ruiz–Troche v. Pepsi-Cola of P.R. Bottling Co.*, 161 F.3d 77, 85 (1st Cir. 1998) (weight determination is for the fact finder to make). "A district court may exclude expert testimony where it finds that the testimony has no foundation or rests on obviously incorrect assumptions or speculative evidence." *Casas Office Mach., Inc. v. Mita Copystar Am., Inc.*, 42 F.3d 668, 681 (1st Cir. 1994).

The court's inquiry "is a flexible one, and there is no particular procedure that the trial court is required to follow in executing its gatekeeping function." *United States v. Diaz*, 300 F.3d 66, 73 (1st Cir. 2002) (citation and internal quotation marks omitted). The court's focus should be on the methodology employed, not on the expert's conclusions. *Daubert*, 509 U.S. at 595. "In short, *Daubert* neither requires nor empowers trial courts to determine which of several competing scientific theories has the best provenance." *Ruiz–Troche*, 161 F.3d at 85. "As long as an expert's scientific testimony rests upon 'good grounds, based on what is known,' it

3

should be tested by the adversary process—competing expert testimony and active cross-examination—rather than excluded from jurors' scrutiny for fear that they will not grasp its complexities or satisfactorily weigh its inadequacies." *Id.* (quoting *Daubert*, 509 U.S. at 590).

With these principles in mind, the Court will summarize Mr. Scotti's revised report and evaluate the parties' arguments for including or excluding the testimony.

2. **The Revised Expert Report**

Mr. Scotti's revised appraisal opines that IDC could have developed six single family units in the airspace above the North, South, and West Units with an appraised value of $3.695 million as of May 29, 1999.[2] Using the December 1997 valuation date the Court set in its previous ruling, Mr. Scotti would reduce the 1999 appraised value by 5% per year.[3] On the hurdles imposed by the dictates of the Act, Mr. Scotti admitted that it would have been impossible to obtain unanimous consent of over 150 unit owners to develop the airspace units in the South and West units

---

[2] The Policy instructs Chicago Title how to calculate the value of the loss - it is "the difference between the value of the Insured estate or interest as insured and the value of the Insured estate or interest subject to the defect, lien or encumbrance insured against by the policy." Section 7(a)(ii) of Conditions and Stipulations. Therefore, Mr. Scotti would need two numbers: the value of the property with the defect and the value of the property without the defect. He had to ignore the constraints of the Act found by the Rhode Island Supreme Court in order to assess the fair market value of the property, presuming the title was good.

[3] The opinion also uses a different date than the Court set in its previous decision, but Mr. Scotti provided a way for the fact finder to discount that figure by 5% per year so the fact finder can easily find a different date and adjust the figures provided in Mr. Scotti's opinion.

4

and/or to overcome the substantial completion requirement in order to create the North Unit. He acknowledged that the property would have very little value if unanimous consent and substantial completion, as the Act mandates, were required to develop it.

3. Analysis

Chicago Title moves to exclude the revised economic opinion because it argues that, in measuring IDC's loss, the opinion relies on the faulty assumption that IDC could have developed its airspace units without complying with the requirements of the Act. Chicago Title argues that Mr. Scotti's appraisal, which is based on an erroneous assumption in conflict with the Act, is unreliable and unduly speculative, as a matter of law, and therefore excludable under Rule 702.

IDC agrees that the Declaration failed to comply with the Act,[4] but counters that the Policy insured its rights under the Declaration against that very risk. Specifically, the Policy incorporated the standard 1992 ALTA 4 Form endorsement - that endorsement insures against losses caused by the "failure of the documents required by the condominium statutes to comply with the requirements of the statutes to the extent such failure affects the title to the unit and its common elements." IDC argues that the value of its rights was diminished because it was ultimately constrained by application of the Act. IDC asserts that Mr. Scotti's new

---

[4] In its multiple decisions in cases against these parties, the Rhode Island Supreme Court held that the Declaration was contrary to the Act in several ways.

5

appraisal properly values the rights Chicago Title insured *undiminished by the defect in title for which Chicago provided insurance.*

On balance, Mr. Scotti's opinion is sufficiently reliable to be admitted under Rule 702's standard. It has become clear that Chicago Title's objections are not the proper focus of a *Daubert* inquiry or a pre-trial motion in limine. They are legal arguments against IDC's theory of the case and the predicate factual proof to support Mr. Scotti's opinion. In creating his expert report, Mr. Scotti permissibly accepted IDC's interpretation of the Declaration, Policy, and court decisions, and calculated damages in accordance with the terms of the Declaration.[5] He provided an adequate basis for the appraisal numbers and his methodology on which he based his conclusions.

Many of the issues that Chicago Title raises in its motion are based on its fundamental disagreement of the facts supporting IDC's claims under the Policy. Chicago Title may argue that this opinion should be ignored if IDC fails to establish its proof, but "[t]he ultimate credibility determination and the testimony's accorded weight are in the jury's province." *Seahorse Marine Supplies, Inc. v. P. R. Sun Oil Co.*, 295 F.3d 68, 81 (1st Cir. 2002). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509

---

[5] Chicago Title has not attacked Mr. Scotti's qualifications to render an opinion on this topic nor has it impugned his methodology for calculating the damages numbers.

U.S. at 596; *Int'l Adhesive Coating Co. v. Bolton Emerson Int'l, Inc.*, 851 F.2d 540, 544–45 (1st Cir. 1988) ("When the factual underpinning of an expert's opinion is weak, it is a matter affecting the weight and credibility of the testimony—a question to be resolved by the jury.").

The Court did not foreclose IDC's claims in its previous summary judgment decision and IDC should be permitted to present expert testimony on damages for a fact finder to consider if it finds IDC proved its claim. While the Court previously granted Chicago Title's motion in limine on similar grounds as it currently moves, the Court believes, in light of the complex factual disputes that the fact finder will hear, that it is premature to address the availability of expert testimony regarding damages, if any, until the underlying evidence regarding those claims is presented to the fact finder. Thus, the Court concludes that Mr. Scotti's revised report satisfies the requirements of Rule 702.

IT IS SO ORDERED.

John J. McConnell, Jr.
United States District Judge

November 3, 2017

7