UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| IDC PROPERTIES, INC., <br>     Plaintiff, <br><br> v. <br><br> CHICAGO TITLE INSURANCE <br> COMPANY, <br>     Defendant. | C.A. No. 09-632-JJM-PAS |

## ORDER

Chicago Title Insurance Company has moved the Court to reconsider a part of its order (ECF No. 141) finding that it was not entitled to summary judgment in part because there were genuine issues of material fact as to title insurance coverage for claims of loss to the South and West Units. ECF No. 143. Because so much ink has been spilled over this dispute, and twelve years have passed since the case was filed, the Court will be short and to the point here. Upon consideration of the motion and objection, the Court GRANTS Chicago Title's Motion for Reconsideration.[1]

In its previous Order, the Court found that when IDC Properties "lost title to the South and West Units, [it] also lost its right to construct improvements on those pieces of property – more specifically, residential properties." *IDC Properties, Inc. v. Chicago Title Ins. Co.*, C.A. No. 09-632-JJM-PAS, 2021 WL 2043205, at *6 (D.R.I. May 21, 2021). In making this conclusion, however, the Court did not consider the

---

[1] As Winston Churchill acknowledged "…it is better to be both right and consistent. But if you have to choose—you must choose to be right." *See* https://winstonchurchill.org/resources/quotes/right-and-consistent/.

Rhode Island Supreme Court's earlier determination that IDC Properties could not build houses on the units as improvements. In fact, the Rhode Island Supreme Court ruled that building on those lots is not merely an improvement, "but rather a development right [and therefore] falls squarely within [the Rhode Island Condominium Act's] definition of development rights." *Am. Condo. Ass'n, Inc. v. IDC*, Inc., 844 A.2d. 117, 132 (R.I. 2004).

As to the value of the Units, Chicago Title correctly states that, "when IDC lost title to the South and West Units, IDC did not lose an 'improvement' right to construct new single-family residences in the airspace over portions of the common elements of the Goat Island South Condominium [because] it never had such a right." ECF No. 143 at 5. "Without the ability to construct improvements in the airspace that comprised the units, their economic value is zero." *Id.*[2]

Because the Court acknowledges and must correct a clear error of law, it GRANTS Chicago Title's Motion for Reconsideration. ECF No. 143. There is no genuine issue of material fact and Chicago Title is entitled to judgment as a matter of law as to coverage for the South and West Units as well. The Court therefore GRANTS in total Defendant Chicago Title's Motion for Summary Judgment. ECF No. 134. Judgment will enter for Chicago Title as to all counts.

---

[2] Moreover, because it fell within the Rhode Island Condominium Act, IDC Properties would have had to get unanimous consent from all 154 unit-owners to build residential properties on the South and West Units. Everyone (courts, parties, experts) conceded that this prerequisite was impossible to obtain.

2

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Chief Judge

September 7, 2021