UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| | ) | |
| IDC PROPERTIES, INC., | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | C.A. No. 09-cv-632-JJM |
| | ) | |
| CHICAGO TITLE INSURANCE | ) | |
| COMPANY, | ) | |
|     Defendant. | ) | |
| | ) | |

ORDER

Before the Court are two motions that question when prejudgment interest begins to accrue in this case, and when does it stop accruing. ECF No. 203, 204. The answer, as briefly explained below, is prejudgment interest accrues from April 8, 2005 until February 6, 2026 at the state statutory rate of 12 percent per annum.

"In diversity cases, state law must be applied in determining whether and how much prejudgment interest should be awarded." *Fratus v. Republic W. Ins. Co.,*147 F.3d 25, 30 (1st Cir. 1998). Rhode Island's prejudgment interest statute provides that:

> In any civil action in which a verdict is rendered or a decision made for pecuniary damages, there shall be added by the clerk of the court to the amount of damages interest at the rate of twelve percent (12%) per annum thereon from the date the cause of action accrued, which shall be included in the judgment entered therein.

R.I. Gen. Laws § 9-21-10(a).

"The point from which prejudgment interest accrues is the date from which Plaintiff's damages actually began, or put another way, from the point at which he

was entitled to his money, and did not receive it[.]" *Buckley v. Brown Plastics Mach., LLC*, 368 F. Supp. 2d 167, 171 (D.R.I. 2005). The Rhode Island Supreme Court has described the accrual date as the date the prevailing party first "sustain[ed] . . . damages," *Blue Ribbon Beef Co., v. Napolitano*, 696 A.2d 1225, 1228 (R.I. 1997), and as "the date of the injury." *Metropolitan Prop. & Cas. Ins. Co. v. Barry*, 892 A.2d 915, 922 (R.I. 2006).

Here, the accrual date is clear. Prejudgment interest should begin to run from April 8, 2005, because it was on that date that the Rhode Island Supreme Court determined that the South and West Units had not been properly created and thus were common elements of the GIS Condominium. *Am. Condo. Ass'n v. IDC, Inc.*, 870 A.2d 434, 440 (R.I. 2005). IDC first had the right to seek court-redress for its lost opportunity to construct buildings on the South and West Units on that date. *IDC Props., Inc. v. Chicago Title Ins. Co.*, 42 F.4th 1, 5, 11-12 (1st Cir. 2022).

Also, the Court finds that the end date for prejudgment interest is the date final judgment entered in this case – February 6, 2026. While Chicago Title has suggested an earlier date, the prejudgment interest statute's purpose and intent are best served in this case by running prejudgment interest from the time of judgment. Before that time, Chicago Title was free to settle this matter or pay the judgment amount (which was determined earlier) – thereby ending the accrual of prejudgment interest.

The Court DENIES Chicago Title's Motion to Alter Judgment (ECF No. 203) and GRANTS the IDC's Motion to Alter Judgment. ECF No. 204. The final judgment

is hereby amended to provide for 12 percent per annum interest on the judgment beginning April 8, 2005 and ending February 6, 2026.

IT IS SO ORDERED.

*s/John J. McConnell, Jr.*

_____

JOHN J. MCCONNELL, JR.
Chief Judge
United States District Court

March 31, 2026